HOUSTON, Justice
(concurring specially).
In my opinion, Art. Ill, § 43, Ala. Const, of 1901, vested in this Court the power to make rules governing practice and procedure in all courts in the Judicial Department of government. (This was not the majority view of this Court before the ratification of Amendment 328 to the Constitution.) In my opinion, Art. Ill, § 44, prohibited the Legislative Department from exercising judicial powers, including the power to make rales governing practice and procedure in all courts. However, this Court’s power to make rules governing practice and procedure
in all courts was expressly limited by the last sentence in § 6.11, Amendment 328, which provides: “These rules may be changed by a general act of statewide application.”
Therefore, Rule 26, A.R.Civ.P., which became effective on July 3, 1973, cannot tramp a subsequent general act of statewide application, such as Ala.Code 1975, § 22-21-8 (enacted in 1981), or § 34-24-58 (enacted in 1976). Fortunately, in drafting Rule 26(b)(1), this Court recognized that certain matters were not discoverable, because the rule provides, in pertinent part: “Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action_” (Emphasis added.)
In my opinion, if the matter sought to be discovered came within the ambit of § 22-21-8 or § 34-25-58, it would not be discoverable. Rule 26(b)(1); the last sentence of § 6.11, Amendment 328, Constitution.
Alabama Code 1975, §§ 22-21-8 and 34-25-58, apply to all hospitals within the state; therefore, the constitutional question of equal protection referred to, but not addressed, in all likelihood would not present a constitutional hurdle under the 14th Amendment to the United States Constitution. Likewise, the equal protection provisions in the Constitutions of Alabama of 1868 and 1875 (“Sec. 2. That all persons resident in this state ... are hereby declared citizens of the State of Alabama, possessing equal civil and political rights.”) was specifically and intentionally deleted from the Constitution of Alabama of 1901. Official Proceedings of the Constitutional Convention of 1901, at 1622-34, 1640, 1642, 2254-60. Judicial error cannot create a phantom constitutional right for the judiciary to use to strike down a duly enacted statute of the legislature. Art. IV, § 44, Constitution.[1] There is no specific right to discovery *231 in a civil proceeding afforded to the citizens of Alabama by the Constitution of 1901.
I concur, because I do not believe that the discovery sought included matters that are privileged under the above-mentioned statutes.

. The erroneous annotation under Art. I, § 1, Constitution of Alabama of 1901, as to the holding in Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939), which perhaps led to the “phantom constitutional right” has been changed at page 62 in the 1994 Cumulative Supplement to Volume 1, Code of Alabama 1975, to more correctly reflect the legal reasoning in Pickett v. Matthews, 238 Ala. at 545, 192 So. at 264, in which this Court stated:
"Sections 1, 6, 22, State Constitution; Amendment 14, Federal Constitution, U.S.C.A.:
"These taken together guarantee the equal protection of the laws, protect persons as to their inalienable rights; prohibit one from being deprived of his inalienable rights without due process; and prohibit irrevocable or exclusive grants of special privileges or immunities.
"It is claimed that by those principles the legislature cannot legalize a negligent injury to *231 one’s person or property, thereby changing the rule of duty not to cause damage by a negligent act, whether that duty is a creature of the common law or statute. It is thought that to do so deprives one of 'life, liberty, or property' without due process (section 6, Constitution), because such rights are inalienable under section 1, and create a special privilege under section 22, and violate the equal protection of . the Fourteenth Amendment."